■ ILLINOIS UNION INSURANCE COMPANY, Appellant, v ASSURANCE COMPANY OF AMERICA, Respondent. [927 NYS2d 339]—

Under California law, which the parties agree governs this action, whether the plaintiff in the underlying action was an "Employee" under the Illinois Union policy is a dispositive issue; if the plaintiff was an employee, then Illinois Union had the duty to defend, but if the plaintiff was not an employee, Illinois Union had no such duty, and thus would be entitled to full reimbursement (*see County of San Bernardino v Pacific Indem. Co.*, 56 Cal App 4th 666, 680, 65 Cal Rptr 2d 657, 665 [1997], *lv denied* 1997 Cal LEXIS 6282 [1997]; *Devin v United Servs. Auto. Assn.*, 6 Cal App 4th 1149, 1157, 8 Cal Rptr 2d 263, 268-269 [1992], *lv denied* 1992 Cal LEXIS 4241 [1992]). The record establishes that Cronnelly, the plaintiff in the underlying action, was not an "Employee" within the definition of Illinois Union's policy.

We have considered the remaining contentions and find them unavailing. Concur—Friedman, Catterson and Richter, JJ.

Saxe, J.P., and Acosta, J., dissent in a memorandum by Saxe, J.P., as follows: I agree with my colleagues that the question of whether the plaintiff in the underlying action was an "employee" under the Illinois Union policy is a dispositive issue; if that plaintiff was an employee, then Illinois Union had the duty to defend, but if plaintiff was not an employee, Illinois Union had no such duty, and thus would be entitled to full reimbursement of its defense costs (*see County of San Bernardino v Pacific*

*Indem. Co.*, 56 Cal App 4th 666, 680, 65 Cal Rptr 2d 657, 665 [1997], *lv denied* 1997 Cal LEXIS 6282 [1997]; *Devin v United Servs. Auto. Assn.*, 6 Cal App 4th 1149, 1157, 8 Cal Rptr 2d 263, 268-269 [1992], *lv denied* 1992 Cal LEXIS 4241 [1992]). However, I disagree with their conclusion that the record permits that determination to be made as a matter of law.

Victoria Cronnelly, the nurse-anesthetist who was the plaintiff in the underlying action, sued plaintiff's insured, the El Dorado Surgery Center, based on an oral agreement under which she would be entitled to perform anesthesia services on the Center's patients in a "second room" that would be for her exclusive use. She alleged that the defendants had breached that oral agreement by permitting others to perform anesthesia in the second room, and further asserted that one of the Center's officers damaged her by making defamatory misstatements about her. She was ultimately awarded a $30,000 verdict on her claim of negligent misrepresentation only.

The question of whether the Illinois Union policy issued to El Dorado covered Cronnelly's claim turns on its definition of the term "employees": "Employees means all persons who were, now are or shall be: a) employees of the Company, including voluntary, seasonal and temporary employees[,] b) any individuals applying for employment with the Company, and c) any individuals who are leased or are contracted to perform work for the Company, or are independent contractors for the Company, but only if such individuals perform work or services solely for or on behalf of the Company." This exceedingly broad definition's use of the phrase "all persons who were, now are *or shall be*" (emphasis added) employees of the insured, would seem to cover claims not only by current employees performing work solely for El Dorado, but also individuals who were to *subsequently become* employees performing services solely for El Dorado.

The limited information offered on these motions fails to definitely establish whether Cronnelly qualified as an employee under that definition, but based on Cronnelly's complaint, it appears that she may fall within its parameters. I would therefore deny summary judgment. **[Prior Case History: 2009 NY Slip Op 31781(U).]**